IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRENT WARREN, #Y20422,<br><br>        Plaintiff,<br><br>v.<br><br>IDOC,<br>LT. WALL,<br>LT. HECK,<br>OFFICER HALE,<br>OFFICER SPENCER,<br>JOHN DOE 1,<br>JOHN DOE 2,<br>JESSIE REID,<br>JEFF DENISON,<br>DIANA SKOUCH,[1]<br>ROBBERT JEFFREYS, and<br>JOHN DOE 3,<br><br>        Defendants. | Case No. 20-cv-01295-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Trent Warren, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has filed a Motion for Injunctive Relief and a Restraining Order. (Doc. 11). Warren asserts that he is being verbally threatened and harassed by correctional officers and staff at Pinckneyville in retaliation for filing this lawsuit. Specifically, he was written a false disciplinary ticket by Correctional Officer Cacioppo on August 3, 2020, his grievances are being mishandled, the mailroom staff confiscate and withhold his legal documents, and Defendant Hale calls Warren names and threatens to write

---

[1] The Clerk of Court is **DIRECTED** to correct the spelling of Defendants' names: Lt. Wall ("Lt. Well") and Diana Skouch ("Diane Skouch").

him a disciplinary ticket and conduct shake downs of his cell. Warren states that if injunctive relief, in the form of an immediate transfer to another facility, is not ordered, then things could become worse. The situation may become physical or Defendant Hale will plant an illicit object in his cell. Warren states he fears for his safety.

In order to obtain relief, whether through a temporary restraining order or a preliminary injunction, Warren must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Additionally, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

In the Complaint, Warren alleges that he was placed in segregation on February 26, 2020, at Lawrence Correctional Center and then transferred to Pinckneyville the next day in a segregation to segregation transfer. (Doc. 1, p. 9). He did not receive a disciplinary ticket or a review by a mental health professional, as is required by IDOC regulations. In March 10, 2020, he was called to a hearing over a disciplinary ticket that he never received or signed. He was not notified of the hearing in advanced or allowed to prepare a defense. At the hearing, he was shown a disciplinary ticket that contained his forged signature and falsely stated that he was served a copy of the ticket. Warren informed the hearing committee members of the due process violations, but he was found guilty and sanctioned with two months in segregation, where he endured harsh living conditions.

(*Id.* at p. 15). He was released from segregation on April 21, 2020. (*Id.* at p. 9). Warren also makes allegations regarding failure by Warden Dennison and IDOC Director Jeffreys to provide and follow proper COVID-19 safety procedures.

The Court finds that the request for injunctive relief relating to retaliatory acts by staff at Pinckneyville pertain to recent events that are outside the allegations in the Complaint. A motion for preliminary injunction is not a proper avenue to pursue additional claims and add defendants. If Warren wishes to pursue emergency injunction relief for these unrelated claims, he should file a separate case under 42 U.S.C. § 1983. The Court states no opinion on the merits of any potential claims. Accordingly, the Motion for Injunctive Relief and a Restraining Order (Doc. 11) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED:   December 21, 2020**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**