IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRENT WARREN, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:20-CV-1295-MAB |
| | ) |
| CHAD WALL, | ) |
| GARRICK HALE, | ) |
| JESSE REID, JOSH MCDONALD, and | ) |
| JAMES GROVES, | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motions for summary judgment on the issue of exhaustion filed by Defendants Garrick Hale, Jesse Reid, and Chad Wall (Doc. 37; *see also* Doc. 38), and Defendants Josh McDonald and James Groves (Doc. 76. *See also* Doc. 77). For the reasons explained below, the motions are denied.

### BACKGROUND

Plaintiff Trent Warren, an inmate of the Illinois Department of Corrections, brought this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights at Pinckneyville Correctional Center. The pertinent factual allegations are that Plaintiff was deprived of exercise and socialization for approximately thirty-eight days while housed in segregation at Pinckneyville (Doc. 22, pp. 7–8; Doc. 1, pp. 15, 27, 28). Specifically, Plaintiff was sent to segregation on February 26, 2020, and transferred to Pinckneyville the next day (Doc. 1, p. 9). He claims that inmates in segregation at

Pinckneyville were not allowed to have a cellmate or go to yard unless they had a double-cell permit (*Id.* at p. 27). He alleges that Counselor Jesse Reid did not file a double-celling permit for him until April 6, 2020, after he had been in segregation for over a month (*Id.*). As a result, he was only able to attend yard one time on March 14, 2020, and was otherwise kept in his cell for 24 hours a day for a majority of the time (*Id.*). He further alleges that Sergeant James Groves would tell him that he was not allowed to attend yard until the double-cell permit had been approved, and Lieutenant Chad Wall would not authorize him to go to yard (Doc. 22, p. 8; Doc. 1, pp. 15, 28). Plaintiff also alleges that the one time he was taken to yard on March 14, 2020, Officer Garrick Hale and Sergeant Josh McDonald forced him to stay outside for hours in extreme weather conditions without proper clothing and no access to shelter or a bathroom (Doc. 22, pp. 3–4, 9; Doc. 1, pp. 16, 25). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on the following claims:

> **Count 2:** Eighth Amendment claim against Reid, Wall, and John Doe 2 (who was later identified as James Groves) for denying him the ability to exercise and socially interact with other inmates while in segregation.
>
> **Count 3:** Eighth Amendment claim against Hale and John Doe 1 (who was later identified as Josh McDonald) for forcing him to remain outside in extreme weather conditions for two and a half hours without shelter and restroom facilities.

(Doc. 22; *see also* Doc. 50).

Defendants Hale, Reid, and Wall filed a motion for summary judgment on the issue of exhaustion on April 25, 2022 (Doc. 37; *see also* Doc. 38). Defendants McDonald and Groves, who belatedly joined this case, then filed their own motion for summary

judgment on the issue of exhaustion on February 17, 2023 (Doc. 76, *see also* Doc. 77). Defendants argue there are three relevant grievances, but none of them suffice to exhaust Plaintiff's claims. Plaintiff filed a response in opposition to the first motion for summary judgment filed by Defendants Hale, Reid, and Wall, disputing Defendants' arguments and facts (Doc. 42). He did not file a separate response to the second motion for summary judgment filed by Defendants McDonald and Groves. However, given that the two motions for summary judgment are substantively identical, Plaintiff's response to the earlier motion is equally applicable and suffices as to the second.

## LEGAL STANDARD

Summary judgment is proper only if the movant shows that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In making that determination, the court must view the evidence in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

The Prison Litigation Reform Act provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). Exhaustion is an affirmative defense, which the defendants bear the burden of proving. *Pavey*, 663 F.3d at 903 (citations omitted). In order for a prisoner to properly exhaust his or her administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Failure to

do so means failure to exhaust. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). However, an inmate is required to exhaust only those administrative remedies that are available to him. *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance or when prison employees thwart a prisoner from exhausting. *Pyles*, 829 F.3d at 864; *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002); *Dole*, 438 F.3d at 809**.**

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code to exhaust his claims. 20 ILL. ADMIN. CODE § 504.800, *et seq.* (2017). The normal grievance process usually involves three steps. First, the offender must submit a grievance to their counselor within 60 days of the incident, occurrence, or problem, and after the counselor responds, the grievance goes to the grievance officer. *Id.* at § 504.810(a). However, if the grievance concerns discipline, then it bypasses the counselor and goes directly to the grievance officer. *Id.* After the counselor responds, the grievance goes to the grievance officer, who tenders a recommendation to the warden within two months after receipt of the written grievance, "when reasonably feasible under the circumstances." *Id.* at § 504.830(e). The warden then reviews the recommendation and provides the inmate with a written decision on the grievance. *Id.* If the inmate is unsatisfied with the warden's decision, he or she has thirty days from the date of the warden's decision to appeal to the Administrative Review Board ("ARB"). *Id.* at § 504.850(a). The ARB submits a written report of its findings and recommendations to the Director of the IDOC, who then makes a final decision, which should be issued

"within six months after receipt of the appealed grievance, when reasonably feasible under the circumstances." *Id*. at § 504.850(d), (e).

## DISCUSSION

In this case, there is a genuine dispute of material facts as to whether Plaintiff exhausted his administrative remedies.

The Court begins with Count 3, which is against Defendants Hale and McDonald for leaving Plaintiff out on the yard in extreme weather conditions on March 14, 2020. Plaintiff grieved this incident in grievance number 1538-06-20 (Doc. 38-1, pp. 8–11), which Defendants indicate was dated "as April 30, 2020, and June 15, 2020" (Doc. 38, p. 3; Doc. 77, p. 3). The counselor, grievance officer, warden, and ARB all rejected the grievance as untimely because it was not filed within 60 days of the incident as the regulations require (Doc. 38-1, pp. 8, 9, 10). Defendants likewise contend that this grievance cannot serve to exhaust Plaintiff's administrative remedies as to Count 3 because it was not timely submitted (Doc. 38, p. 9; Doc. 77, p. 9). Defendants, however, did not provide any explanation as to why this grievance had two dates (*see* Doc. 38, pp. 3, 9; Doc. 77, pp. 3, 9). Defendants also completely ignore the portion of the grievance that explicitly states Plaintiff "want[ed] to make clear this is the second time filing this grievance" because "the first one never got processed" (*see* Doc. 38, pp. 3, 9; Doc. 77, pp. 3, 9; *see* Doc. 38-1, p. 10).

In his response brief, Plaintiff reiterates that he submitted this grievance for the first time on April 2, 2020 (which is curious because that date does not match the date at the top of the grievance, which says April 30, 2020) (Doc. 42, p. 8). He says submitted it

Page 5 of 9

by putting it in the door of his segregation cell, and Defendant Jesse Reid picked it up (*Id.* at pp. 3, 4, 9). When Plaintiff did not receive a response within 60 days, he resubmitted the grievance (*Id.* at pp. 5, 9). Plaintiff's representations, although somewhat inconsistent with the documentation, are still sufficient to establish a dispute of fact as to when Plaintiff first submitted this grievance and whether prison officials failed to respond, thereby rendering the grievance process unavailable to Plaintiff and the subsequent refusal to consider the merits of the grievance the second time Plaintiff submitted it invalid.

Turning next to Count 2, which is against Defendants Reid, Wall, and Groves for denying Plaintiff the ability to exercise and socially interact with other inmates after being placed in segregation on February 26, 2020, due to the lack of a double cell permit. Of the grievances discussed by Defendants, there is only one that could potentially cover Plaintiff's allegations in Count 2: grievance number 696-03-20, dated March 9, 2020 (Doc. 38-1, pp. 20–25).[1] The primary focus of this grievance is Plaintiff's assertion that he was not served with a disciplinary or investigative report informing him of the reasons for his confinement in segregation within eight days, like the rules require (*see Id.* at pp. 22–23). However, at the end of the grievance, Plaintiff complained briefly about a loss of

---

[1] Grievance number 1538-06-20 cannot cover Count 2 because it is specifically about Plaintiff's time on the yard on March 14, 2020 (Doc. 38-1, pp. 8–11; *see also* Doc. 38, pp. 3, 9). Grievance number 1561-06-20, dated June 17, 2020, also cannot cover Count 2 because Plaintiff complains about not getting recreation time in the yard or the dayroom *after he was released from segregation* due to COVID restrictions (Doc. 38-1, pp. 3–6; *see also* Doc. 38, pp. 3–4, 9–10). Neither grievance has anything to do with being denied yard time while in segregation due to the lack of a double-cell permit.

privileges in segregation, stating "Due to confinement offender is losing his privileges and his right to attend recreation of exercise of a minimum of 8 hrs per week out of cell which offender is constantly housed in this cell away from other people 24/7 unable to participate in school or other programming." (*Id.*). Plaintiff obtained responses from the counselor, the grievance officer, and the warden (*Id.* at pp. 21, 22). The grievance was denied at the facility level because it was "a duplicate issue" that had previously been addressed in response to a different grievance (*Id.* at p. 21).[2] Plaintiff appealed to the ARB, where the grievance was received on May 13, 2020 (*see id.* at p. 20). The ARB did not respond until approximately eight months later on January 11, 2021, when it rejected the grievance for presenting a duplicate issue (*Id.*).

Defendants argue that Plaintiff failed to exhaust this grievance prior filing suit as he did not receive a response from the ARB until December 7, 2020, which was three days after he initiated this lawsuit (Doc. 38, p. 11; Doc. 77, p. 11). Even if that were not true, Defendants argue this grievance does not exhaust as to them because "Plaintiff does not name Defendants or any individuals but rather generalizes his complaints about not being provided sufficient yard time" (Doc. 38, p. 11; Doc. 77, p. 11).

In response, Plaintiff argues that this grievance should have been deemed exhausted when the ARB failed to respond to it within six months (Doc. 42, p. 6). Plaintiff further argues that he did not name any of the Defendants because, at that time, he did

---

[2] This other grievance was #772-03-20, dated March 17, 2020 (Doc. 38-1, pp. 34–38). The Court notes that this grievance addressed only the nature of the ticket Plaintiff received and whether he was properly served with it (*see id.*). It does *not* address the loss of privileges or yard time while in segregation (*see id.*).

not know who was responsible for him missing yard (*Id.*). And he claims that prison officials failed to address his complaints about the lack of yard time in responding to his grievance (*Id.*). These arguments are sufficient to establish a dispute of fact as to whether the grievance process was rendered unavailable to Plaintiff and whether his failure to identify Defendants in the grievance should be excused.

Furthermore, Plaintiff also contends in his response brief that he submitted a grievance on April 2, 2020, complaining that he was denied exercise and social interaction while in segregation because he did not have a double cell permit (Doc. 42, pp. 3, 4, 18–19). He claims that he placed the grievance in the door of his cell and that Counselor Reid picked it up, but he never received a response (*Id.*). Plaintiff's contention is sufficient to establish an additional dispute of fact as to whether the grievance process was rendered unavailable to him with respect to Count 2.

Based on the various factual issues identified in this Order, summary judgment for Defendants is inappropriate and must be denied. Resolving these issues will require an evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). If Defendants want to continue to pursue the affirmative defense of failure to exhaust administrative remedies, they must request a *Pavey* hearing within 14 days of this Order. If no request is made, the Court will enter a scheduling order for discovery on the merits of this case. Alternatively, the parties may request that this case be referred for alternative dispute resolution.

## CONCLUSION

The motions for summary judgment on the issue of exhaustion filed by Defendants Garrick Hale, Jesse Reid, and Chad Wall (Doc. 37) and by Defendants James Groves and Josh McDonald (Doc. 76) are **DENIED.** Defendants must file a notice within **14 days** of this Order either withdrawing the affirmative defense of exhaustion or requesting a *Pavey* hearing. If a hearing is requested, Defendants shall identify the witnesses they intend to call to testify.

**IT IS SO ORDERED.**

**DATED: March 27, 2023**

                                                 s/ Mark A. Beatty
                                                 **MARK A. BEATTY**
                                                 **United States Magistrate Judge**